## FATAL INJURY FROM BEING STRUCK BY A RUNAWAY HORSE.

### Circuit Court of Hamilton County.

LICHTENSTEIN, ADMINISTRATOR, v. THE HUDEPOHL BREWING CO.

### Decided, December 5, 1908.

*Pleading—Negligence—Special Instructions—Interrogatories—Defenses —Error—Accidents Which Belong to that Unfortunate Class of Occurrences for Which the Law Affords the Injured Party no Relief—Section 5067.*

1. The defense of contributory negligence, if well pleaded in an action for damages for personal injuries, is not inconsistent with a general denial.

2. An interrogatory which raises an issue as to the comparative negligence of the plaintiff and defendant, or an instruction to the jury which imposes on the defendant the duty of proving that it was prudent and cautious, or that omits the statement that the negligence complained of was the direct cause of the injury, is erroneous.

*Pogue & Pogue* and *R. A. Black,* for plaintiff in error.
*Kelley & Hauck,* contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

In an action for damages for personal injury upon the ground of negligence the defense of contributory negligence, when well pleaded, is consistent with a general denial. If it be admitted in the answer, as a predicate for the defense of contributory negligence, that the defendant was negligent, such admission will necessarily disprove the general denial; but if the admission is conditional only and for the purpose of setting up contributory negligence as an additional defense, it disproves nothing nor is it inconsistent with the general denial. The rule is stated in *Pavey* v. *Pavey,* 30 O. S., 600, as follows:

"A defendant can be required to elect between which of several defenses he will proceed to trial, only when the facts stated therein are so inconsistent that, if the truth of one defense be admitted, it will necessarily disprove the other."

And again, on page 601 it is said:

"A contrary construction would make the section of the code requiring a verification of pleadings, in all cases where a general denial is pleaded, defeat the section allowing the defendant to plead as many defenses as he may have, although the facts constituting the defense be not inconsistent with the denial. Such a construction of the code would work great in-justice to a defendant who, among several defenses, has at least one good defense to the action, and yet, through some accident incident to a trial, he may be defeated by reason of his being confined to one. This would be clearly contrary to the policy and spirit of the code."

We are not unmindful of the fact that Section 5067, Revised Statutes, has since been amended by adding "but the several defenses must be consistent with each other," but if this provision be strictly contrued it will, as pointed out in the above case, defeat the very object of the section and prevent all defenses of new matter when a general denial is interposed.

The word "consistent" as used in the statute refers to the facts constituting the several defenses which are averred to be true, and not to such as are implied by law or supposed by the pleader, and requires only that they should be stated in such form that the answer can be sworn to without falsehood and in good faith. In the answer before us the defendant by its third defense admits negligence conditionally and only for the purpose of stating the defense of contributory negligence, which as thus stated is consistent with a general denial. The second defense contains a denial of all negligence of the defendant and an averment of particular facts showing negligence of plaintiff which, in effect, is the same as the general denial pleaded as a first defense, and could probably have been stricken out as redundant; but we think no prejudice resulted from the refusal to sustain such motion. The admission of evidence tending to excuse the defendant, and objected to by plaintiff, was not prejudicial, inasmuch as the jury in answer to a special interrogatory found it guilty of negligence.

The first special instruction refused by the court excludes the necessary fact that the negligence there described must have been the direct cause of the injury.

The second instruction ·refused imposes upon the defendant the burden of proving that it was prudent and cautious.

There was no error in the refusal of either. Special interrogatories 7, 8 and 9 were properly submitted to show°whether the view of the deceased was obstructed in any manner and thereby excuse him for not seeing the approaching runaway horse and wagon. Interrogatory 12 called for an important fact in the case, and the answer is sustained by the evidence.

The answer to interrogatory 19 is conclusive of the general verdict for defendant if sustained by the evidence, and after reading same we see no reason to doubt the correctness of the finding.

The comparative negligence of the defendant and the deceased was not a material issue in the case, hence interrogatory 22 should not have been submitted to the jury, but we think no prejudice resulted.

Interrogatories 23, 24 and 25 and answers determine material questions of fact, consistent with the general verdict.

Our conclusion is from all the evidence that the accident was one of those unfortunate occurrences for which the law affords plaintiff no remedy, and the judgment will be affirmed.